Aug. 10. }
 1876. }             BENNETT v. ATWOOD.

*Review of action referred.*

Where an action has been referred by agreement of parties, under a rule of court, and judgment has been entered on the report of the referee, a review does not lie under the statute.

FROM CARROLL CIRCUIT COURT.

At the April term, 1875, this action was referred by agreement of parties. Report was made at the October term, 1875, and judgment entered upon the report. At the April term, 1876, the plaintiff moved that the action be brought forward for review. The defendant objected, on the ground that review does not lie. The motion was granted, and the defendant excepted.

*Wentworth*, for the plaintiff.

*Hill* and *Weed*, for the defendant.

LADD, J. I think the ruling in this case was wrong. By entering into an agreement to refer their cause under a rule of court, the parties withdrew it from the operation of the laws which prescribe the order and mode of proceeding in suits at law. In place of a trial by jury or by the court, was substituted a trial before a tribunal which they selected and made for themselves; and their agreement as to the course of proceedings, and the disposition of the case thereupon, became the

law by which their rights and obligations were fixed. They agreed that judgment on the report of the referee should be final and conclusive; and when such judgment had been entered, neither could draw back and insist upon rights which were incident to a mode of proceeding which they had expressly abandoned and waived. Certainly, after such judgment, it is too late for the defeated party to claim another trial, either by jury or another referee, by way of review. He is precluded from that by the agreement he has made, and the statute does not apply. I think the defendant's exception should be sustained.

CUSHING, C. J. I understand from the case that this was an agreement to refer under the ordinary form, and under the statute. If this were so, the agreement being made in court, and providing that the judgment on the report should be conclusive, there is nothing for the court to do but to enforce the agreement and order. If the reference was under the statute of 1874, it is expressly provided by the statute that judgment rendered upon the report shall be final and conclusive.

RAND, J., C. C., concurred.

*Exceptions sustained.*